## PLEADING IN AN ACTION FOR A QUANTUM MERUIT.

Circuit Court of Richland County.

DOUGLASS V. DOWNEND ET AL.

Decided, October 28, 1908.

*Pleading—Confession and Avoidance—Plea of, not Inconsistent with the Allegations of the Petition—Error.*

1. In an action for a *quantum meruit* for professional services rendered by an attorney, it is a complete defense that the plaintiff agreed before entering upon the case that he would, if necessary, prosecute it to the court of last resort for a contingent fee of one-third of the amount of the judgment recovered, and that subsequently, after losing the case in the court below, he refused to prosecute it to the highest court unless paid for so doing, and thereupon he was dismissed from further participation in the case.

2. A confession and avoidance is not inconsistent with the allegations of the petition, and where the reply denies nothing in the answer except what is "inconsistent with the petition," a court may properly give judgment for the defendant on the pleadings.

3. But where this was not done, and the case was tried to a jury who found for the defendant and judgment was rendered on their verdict, it is immaterial whether or not improper evidence was admitted, or the jury was misdirected, or other errors intervened at the trial.

*Douglass & Mengert* and *Reed & Beach,* for plaintiff in error.
*S. L. Americus,* contra.

HENRY, J.; WINCH, J., and MARVIN, J. (all of the Eighth Circuit, sitting in place of the Judges of the Fifth Circuit), concur.

Error to the Court of Common Pleas of Richland County.

In this proceeding in error the parties stand in the relation in which they stood below. The petition below counts upon a *quantum meruit* for professional services as attorney, rendered to defendant "in and about prosecuting a certain action in the Court of Common Pleas of Richland County, Ohio, said cause being styled Ethel Downend, plaintiff v. The Board of Education of Madison Township, Richland County, Ohio, and

performing other business as such attorney, in counselling and advising defendants in matters relating to said action."

The defendants filed separate answers, which are, however, largely identical.

The fourth defense of Ethel Downend Wilson (for it appears that Ethel Downend had meanwhile married), alleges "that the plaintiff, A. A. Douglass, contracted and agreed with her, before entering into said services, that he would prosecute her case, entitled Ethel Downend vs The Board of Education of Madison Township, Richland County, Ohio, through the common pleas, circuit and Supreme Courts of Ohio, if necessary; that his fees were to be contingent upon his sucessfully prosecuting the case to judgment and execution; that he was to receive one-third of the amount of the judgment if he won the case; and he was to receive no compensation whatsoever if he lost the case. The said A. A. Douglass tried the case in the common pleas court and lost the case. · * * * The said A. A. Douglass after he had lost said case in the court of common pleas, absolutely refused to prosecute said case any further than the circuit court, unless this answering defendant would pay him for so doing. Whereupon, and shortly thereafter, he was dismissed by this answering defendant from further participation in the prosecution of said case, for the following reasons, namely: * * *

"6. . Because he refused to comply with his contract and agreement made with this answering defendant for the prosecution of said case."

The reply is as follows:

"Now comes the plaintiff and for reply to the separate answer of Jennie Downend and the separate answer of Ethel Downend Wilson, says that he denies each and every allegation in said separate answers contained inconsistent with his petition herein, and having fully replied prays as in his petition."

We think that the defense embodied in the quotation above made from the answer is a complete defense by way of confession and a voidance to the cause of action stated in plaintiff's

petition. Being a confession and avoidance, "it is not inconsistent with the allegations of the petition."

The reply denies nothing in the answer except what is "inconsistent with the petition." On this state of the pleadings it would have been proper for the court below to have rendered judgment thereon. The court, however, tried the case out to a jury, which found for the defendants below, and judgment was rendered accordingly. In the view we take of the matter, it is wholly immaterial whether improper evidence was admitted, whether the jury were misdirected, or whether any other error intervened during the trial, for, as has already been stated, judgment against the plaintiff might well have been rendered upon the pleadings, and the judgment below is therefore affirmed.